**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**Eastern Division**

TOLJAN MICO, EVARISTO GARCIA,
EDWIN ABREU,
LEONARDO HERNANDEZ,
ADELINO LOPES,
ABDULKADIR ABDISALAM,
LUISAMEL CORNELIO,
ALENO GOMES, GENESIS VARGAS,
ANDRES JUNIOR JOSEPH TAVARES,
BLEDAR DEMALIJA,
MOHAMED MOHAMED,
MARGARITA PENA,
ESMERALDA SAN ANDRES,
ANGEL REINOSO,
ALEX JULES LACHAPPEL,
LEONADLY LOPEZ, and
DANIELSON FERREIRA,
on behalf of themselves and all others
similarly situated,

Plaintiffs,

v.

RXO LAST MILE, INC.,

Defendant.

Civil Action No. ________________

**CLASS ACTION COMPLAINT**

## I. INTRODUCTION

1. This is an action brought by Plaintiffs individually and on behalf of current and former Massachusetts delivery drivers of Defendant RXO Last Mile, Inc. ("RXO"), who were deprived of wages due to them under the Massachusetts Wage Act in violation of M.G.L. c. 149, § 148. The above-named Plaintiffs bring this action on behalf of themselves. In addition, named Plaintiffs Andres Junior Joseph Tavares and Edwin Abreu bring this case on behalf of a class of

similarly situated persons who have worked as delivery drivers for RXO in Massachusetts and who were classified as independent contractors for statutory claims that stem from the same wage act violations.

## II. THE PARTIES

2. Plaintiff Toljan Mico is an adult resident of Quincy, Massachusetts. From approximately February 2020 to March 2024 Plaintiff Mico worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Amazon and Samsung merchandise. Mico performed deliveries out of an RXO warehouse in Franklin, Massachusetts.

3. Plaintiff Evaristo Garcia is an adult resident of Cranston, Rhode Island. From approximately December 2019 to March 2023, Plaintiff Garcia worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Wayfair, Costco, Macy's, JC Penney and Samsung merchandise. Garcia performed deliveries out of RXO warehouses in Worcester, Massachusetts and Avon, Massachusetts, as well as the JC Penney store in Oxford, Massachusetts and the Macy's store in Boston, Massachusetts.

4. Plaintiff Edwin Abreu is an adult resident of Methuen, Massachusetts. From approximately May 2020 to June 2026, Plaintiff Abreu worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Lowes merchandise. Abreu performed deliveries out of the Lowes stores in Danvers and Saugus, Massachusetts.

5. Plaintiff Leonardo Hernandez is an adult resident of Lawrence, Massachusetts. From approximately January 2020 to August 2024, Plaintiff Hernandez worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Lowe's merchandise. Hernandez performed deliveries out of several Lowe's stores in Massachusetts, including a Lowe's store in Worcester, Massachusetts.

6. Plaintiff Adelino Lopes is an adult resident of Pawtucket, Rhode Island. From approximately February 2020 to June 2021, Plaintiff Lopes worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Macy's and Peloton merchandise. Lopes performed deliveries out of an RXO warehouse in Franklin, Massachusetts.

7. Plaintiff Abdulkadir Abdisalam is an adult resident of Worcester, Massachusetts. From approximately April 2015 to September 2016, Plaintiff Abdisalam worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Staples and Payless merchandise. Abdisalam performed deliveries out of a Staples warehouse in Foxborough, Massachusetts and a Payless warehouse in Worcester, Massachusetts.

8. Plaintiff Luisamel Cornelio is an adult resident of Methuen, Massachusetts. From approximately July 2023 to October 2024, Plaintiff Cornelio worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Lowes and Home Depot merchandise. Cornelio performed deliveries out of an RXO warehouse in Woburn, Massachusetts.

9. Plaintiff Aleno Gomes is an adult resident of Providence, Rhode Island. From approximately October 2019 to May 2024 Plaintiff Gomes worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Peloton's and Treadmills as well as Furniture. Gomes performed deliveries out of the RXO Warehouse in Franklin, Massachusetts.

10. Plaintiff Genesis Vargas is an adult resident of Providence, Rhode Island. From approximately August 2021 and December 2024, Plaintiff Vargas worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Lowe's merchandise. Vargas performed deliveries out of several Lowe's stores in Massachusetts, including a Lowe's store in Wilmington, Massachusetts.

11. Plaintiff Andres Junior Joseph Tavares is an adult resident of Boston, Massachusetts. From approximately June 2024 to June 2026, Plaintiff Tavares worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Peloton, Appliances and merchandise from Amazon and Costco. Tavares performed deliveries out of an RXO warehouse in Franklin, Massachusetts.

12. Plaintiff Bledar Demalija is an adult resident of Rockland, Massachusetts. From approximately September 2022 to July 2024, Plaintiff Demalija worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering IKEA merchandise. Demalija performed deliveries out of an RXO warehouse in Franklin, Massachusetts.

13. Plaintiff Mohamed Mohamed is an adult resident of Worcester, Massachusetts. From approximately 2015 to 2016. Plaintiff Mohamed worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Staples merchandise. Mohamed performed deliveries out of Staples warehouse in Foxborough, Massachusetts.

14. Plaintiff Margarita Pena is an adult resident of Methuen, Massachusetts. From approximately July 2023 to October 2024, Plaintiff Pena worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Ikea, Peloton, Macy's, Lowes and Samsung merchandise. Pena performed deliveries out of warehouses in Woburn and Franklin Massachusetts.

15. Plaintiff Esmeralda San Andres is an adult resident of Naples, Florida. From approximately 2018 to 2023, Plaintiff San Andres worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Lowes merchandise. San Andres performed deliveries out of the Lowes warehouse in Warwick, Rhode Island, and delivered predominantly to customers in Massachusetts.

16. Plaintiff Angel Reinoso is an adult resident of Providence, Rhode Island. From approximately January 2021 to January 2023, Plaintiff Reinoso worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Ikea, Samsung, LG and Lowes merchandise. Reinoso performed deliveries out of an RXO warehouse in Wilmington, Massachusetts and Franklin, Massachusetts.

17. Plaintiff Alex Jules Lachappel is an adult resident of Brockton, Massachusetts. From approximately February 2024 to March 2025, Plaintiff Lachappel worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Ikea, Lowes, Peloton, Macy's, Samsung merchandise. Lachappel performed deliveries out of RXO warehouses in Wilmington, Massachusetts and Franklin, Massachusetts.

18. Plaintiff Leonaldy Lopez is an adult resident of Providence, Rhode Island. From approximately August 2022 and December 2023, Plaintiff Lopez worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Lowes merchandise. Lopez performed deliveries out of an RXO warehouse in Wilmington, Massachusetts.

19. Plaintiff Danielson Ferreira is an adult resident of Randolph, Massachusetts. From approximately October 2019 to April 2024, Plaintiff Ferreira worked for RXO in the Commonwealth of Massachusetts as a delivery driver delivering Ikea, Samsung, Peloton and Amazon merchandise. Ferreira performed deliveries out of an RXO warehouse in Franklin, Massachusetts.

20. Named Plaintiffs Andres Junior Joseph Tavares and Edwin Abreu also bring this action on behalf of a class of similarly-situated individuals, namely, all other persons and who have executed contract carrier agreements (either personally or on behalf of corporate entities) and

who personally provided delivery services for RXO in Massachusetts between June 2023 and the present.

21. Defendant RXO is a foreign corporation incorporated under the laws of the Georgia, with its headquarters in Marietta, Georgia. RXO does business in Massachusetts, performs deliveries in Massachusetts, and operates delivery facilities in Massachusetts.

## III. JURISDICTION AND VENUE

22. The Court has personal jurisdiction over the Parties. Plaintiffs are citizens of the state of Massachusetts and/or worked for RXO in the state of Massachusetts. RXO does business in the state of Massachusetts and its conduct in the state of Massachusetts underlies all of the claims in this suit.

23. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, since there is diversity between the Parties and since the amount in controversy exceeds $75,000.

## IV. STATEMENT OF FACTS

24. RXO is in the business of providing the delivery of retail merchandise to its customers. RXO provides delivery services for companies such as Peloton, Lowe's, Ikea, Amazon, and Samsung. In order to carry out this central function, RXO purports to contract with individuals such as Plaintiffs, to drive a delivery truck and to deliver retail merchandise to customers' homes

25. In order to do this work, RXO required Plaintiffs, as well as the other members of the class, to sign an agreement which stated that the drivers were independent contractors.

26. Although RXO classified the Plaintiffs and class members as independent contractors, the control manifested over the drivers by RXO as well as the drivers' inability to maintain an independently established business demonstrates that they qualify as RXO's employees under the Massachusetts Wage Act. The following facts support this claim:

a. Plaintiffs, as well as the other drivers, was required to report to specified locations, such as RXO warehouses or Lowe's stores, whose loading docks were maintained or controlled by RXO, at specified times, at which time they would be provided with a list of deliveries to make.

b. Plaintiffs, as well as the other drivers, were and/or are instructed to load the goods to be delivered onto their trucks in a specific order.

c. Plaintiffs, as well as the other drivers, were and/or are instructed to make all deliveries within set time windows.

d. The manifests received by Plaintiffs, as well as the other drivers, instructed and/or instruct them as to whom deliveries must be made to, the order in which deliveries are to be made, and locations where deliveries to be made. Sometimes, during the day, additional deliveries that were not originally scheduled for the day are added to Plaintiffs and other drivers' routes and they are not allowed to postpone those deliveries for another day or to turn them down.

e. Plaintiffs, as well as the other drivers, were and/or are required to wear uniforms when making deliveries for RXO. Uniforms included a badge that identified the drivers as RXO drivers or helpers as well as shirts that said "RXO Last Mile", as well as a jacket and black pants.

f. Plaintiffs, as well as the other drivers, could be suspended if they were caught working without an RXO uniform on.

g. Plaintiffs, as well as the other drivers, were and/or are required to attend an all-day meeting approximately once per month.

h. Plaintiffs, as well as the other drivers, were and/or are required to carry a cell phone so that they may receive calls from RXO. RXO contacts Plaintiffs during the day with instructions related to cancellations and rescheduling of deliveries.

i. Plaintiffs and other drivers also had to acquire and/or carry with them handheld mobile computer devices with applications or software to track the merchandise being delivered through the reading of bar codes or other identifiers.

j. Plaintiffs, as well as the other drivers, were and/or are required to be in contact with RXO dispatchers regarding the status of deliveries.

k. Plaintiffs, as well as other drivers, would leave and/or leave their trucks at the RXO facility when not making deliveries.

l. RXO could suspend Plaintiffs, as well as other drivers, when they were the subject of a customer complaint.

m. Plaintiffs, as well as the other drivers, were and/or are required to get signatures from customers when deliveries are made.

27. RXO requires delivery drivers with which it contracts to have or lease a truck that meets specifications determined by RXO.

28. RXO kept track of Plaintiffs’ performance, as well as the performance of its other delivery drivers, through customer ratings and the drivers. RXO posted the drivers’ customer scores are paid extra per delivery if their scores were above a level set by RXO.

29. If a customer complains about a delivery, RXO will send a gift card of between $50 to $150 to the customer and deduct that amount from the pay of Plaintiffs and the other class members.

30. RXO also requires delivery drivers with which it contracts to obtain insurance, including automobile liability, commercial general liability, umbrella liability, cargo, and worker's compensation coverage, at levels dictated by RXO.

31. RXO retains the right to terminate the contract with Plaintiffs, as well as the other class members, without cause.

32. Plaintiffs, as well as the other class plaintiffs, performed and/or perform work which is integral to the business of RXO – i.e., they perform delivery services and RXO is engaged in the business of providing delivery services to its customers.

33. Plaintiffs, as well as the other class plaintiffs, do not have an independently established trade or business in that they are dependent upon RXO for their work, they do not negotiate with RXO customers regarding the rates charged for their services, and they are not permitted to contact RXO customers independent of RXO.

34. Plaintiffs, as well as other class plaintiffs, are not permitted to subcontract or assign their rights under their agreement with RXO to another delivery driver.

35. RXO has deducted certain expenses directly from the compensation it pays, including deductions for insurances (including auto liability, cargo, general liability, umbrella and workers' compensation insurance) and administrative costs such processing fees, and compelled Plaintiffs and other drivers to incur certain expenses which would normally be borne by an employer, such as for fuel costs, vehicle maintenance costs, and payments to helpers.

36. In recent years, RXO has continued to require Plaintiffs and other delivery drivers to bear the costs of insurance coverage, but has required them to pay for such coverage out-of-pocket.

37. When RXO determines, in its sole discretion, that a delivery has been made in a manner it deems to be unsatisfactory (e.g., damaged goods, damage to customer property), RXO will deduct the costs of such damage from pay checks. Plaintiffs as well as the other drivers could not and/or cannot appeal such deductions.

## IV. EXHAUSTION OF ADMINISTRATIVE REQUIREMENTS

38. Plaintiffs Toljan Mico, Andres Junior Joseph Tavares and Edwin Abreu filed a complaint with the Fair Labor Division of the Massachusetts Attorney General's Office claiming he was misclassified as independent contractors and that RXO's practices violated M.G.L. c. 149, § 148 on or before June 23, 2026.

## V. TOLLING

39. A number of the Plaintiffs in this case were encompassed by the proposed class sought by Plaintiffs in the case of Muniz v. RXO Last Mile, Inc., No. 4:18-11905 (D. Mass).

40. Under the doctrine set out in Am. Pipe & Const. Co. v. Utah, 414 U.S. 538 (1974), the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action. Plaintiffs in this case are entitled to American Pipe tolling for the time period of July 2015 (three years from when the Muniz case was filed) to June 14, 2024 (when the plaintiffs in Muniz filed the motion for settlement approval, and thus when the exclusion of Plaintiffs from Muniz became final).

41. Further, Plaintiffs are entitled to tolling of their claims for the time period of January 28, 2025, when counsel for the Parties agreed to informal tolling of the Plaintiffs' claims for purposes of conducting settlement discussions, to June 16, 2026, when the Parties participated in an unsuccessful mediation session.

## VI. CLASS ALLEGATIONS

42. Plaintiffs Andres Junior Joseph Tavares and Edwin Abreu bring this case on behalf of a class of individuals similarly situated pursuant to Mass. R. Civ. P. 23.

43. The class of individuals similarly situated are all individuals like the Plaintiffs who have performed or currently perform delivery services for RXO as delivery drivers within the Commonwealth of Massachusetts and were classified as independent contractors by RXO.

44. The Class meets all the prerequisites of Rule 23 of the Massachusetts Rules of Civil Procedure. At least 40 drivers have performed delivery services for RXO in Massachusetts and were classified as independent contractors during the period of June 2023 to the present.

45. The Plaintiffs' claims related to their misclassification are not only typical of the claims of putative class members, they are identical.

46. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

47. Common issues, such as whether RXO's policy of making unauthorized deductions the Plaintiffs' pay violates the Massachusetts Wage Act, predominate over any individualized issues.

48. A class action is the superior method of trying these claims. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress

individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

**COUNT I**
**Massachusetts Wage Law**

49. Plaintiffs reallege and incorporate by reference herein all allegations in all preceding paragraphs.

50. Plaintiffs and similarly situated drivers are employees of the Defendant pursuant to the Massachusetts Wage Law, M.G.L. c. 149, §148.

51. As a result, the actions of the Defendant as set forth above in deducting certain expenses from its workers' pay, including for damage claims, uniforms, and insurance are unlawful under the Massachusetts Wage Law, M.G.L. c.149, §148, and c. 149, §150.

**COUNT II**
**Unjust Enrichment**

52. Plaintiffs reallege and incorporate by reference herein all allegations in all preceding paragraphs.

53. RXO was unjustly enriched by its actions in requiring Plaintiffs and other delivery drivers to obtain and pay for insurance coverage, truck payments, fuel costs, and vehicle maintenance costs, which RXO should have borne the cost of.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, seek the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure;

B. Designation of Plaintiffs Andres Junior Joseph Tavares and Edwin Abreu as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

E. Attorneys' fees and costs of the action;

F. Statutory damages pursuant to M.G.L. c. 149, § 150;

G. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under M.G.L. c. 149, § 148;

H. Application of statutory treble damages;

K. Such other relief as this Court shall deem just and proper.

WHEREFORE, the Plaintiffs respectfully request that this Court grant him appropriate compensatory relief, attorneys' fees, interests and costs to certify this action to proceed as a class action under Rule 23.

DATED: June 25, 2026

Respectfully Submitted,
TOLJAN MICO et al., individually and on behalf of others similarly situated,

By their attorneys,

/s/Harold Lichten

Harold L. Lichten BBO# 549689
Olena Savytska BBO# 693324
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994 5800
hlichten@llrlaw.com
osavytska@llrlaw.com